

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# Coregis Ins Co v. Caruso

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Coregis Ins Co v. Caruso" (2008). *2008 Decisions.* Paper 1017.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1017

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-5180

———————

COREGIS INSURANCE COMPANY

v.

LOUIS CARUSO,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-02189)
District Judge: Honorable John P. Fullam

———————

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: June 17, 2008)

———————

OPINION

———————

AMBRO, <u>Circuit Judge</u>

This case arises from a legal malpractice action brought by Appellant Louis

Caruso against his former attorney, Andrew J. Brekus.  Caruso sought and received a

$425,832 default judgment against Caruso in 2003 in the Philadelphia County Court of Common Pleas. Appellee Coregis Insurance Company, Brekus's insurer, brought a declaratory judgment action in the United States District Court for the Eastern District of Pennsylvania in 2006. Coregis sought a declaration that it had no obligation to pay the default judgment against Brekus, who since had filed for protection under Chapter 7 of the Bankruptcy Code. The District Court granted that relief at the summary judgment stage. It concluded that Brekus had not given Coregis notice of the litigation as required by his insurance policy. We affirm.[1]

This case turns on the interpretation of a few events. We summarize them briefly since we write exclusively for the parties.

| | |
|---|---|
| February 2002: | Brekus's agent informed Coregis of a potential claim against him by Caruso. |
| November 2002: | Caruso began his malpractice lawsuit against Brekus. |
| April 2003: | Caruso received a default judgment against Brekus. |
| September 2004: | Caruso's attorney claims to have sent notice of the judgment to Coregis. |
| January 2006: | Coregis claims to have received notice of the judgment for the first time. |

The District Court focused on two of these dates. It concluded that the letter sent to Coregis in February 2002 was not notice to Coregis of a lawsuit (as none had been filed). It also concluded that, even if Coregis did receive a letter from Caruso's attorney in September 2004, that letter came too late to put Coregis sufficiently on notice of a

---

[1]We have jurisdiction pursuant to 18 U.S.C. § 1291.

lawsuit that had ended a year and a half earlier.

We exercise plenary review over a grant of summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). We apply the same test employed by a District Court under Federal Rule of Civil Procedure 56(c). *See Kelley v. TYK Refractories Co.*, 860 F.2d 1188, 1192 (3d Cir. 1988). Accordingly, the District Court's grant of summary judgment in favor of Coregis was proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In evaluating the evidence, we of course "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Bartnicki v. Vopper*, 200 F.3d 109, 114 (3d Cir. 1999).

We agree with the District Court that no genuine issue of material fact exists as to the sufficiency of the notice to Coregis. The parties dispute when Coregis actually received notice of the judgment. But even assuming that it arrived in September 2004, the earliest asserted date, that notice came too late to allow Coregis to defend the suit. Uncontradicted evidence also indicates that Coregis did what it reasonably could to inquire into the possibility of a lawsuit after it received the information about a potential claim in February 2002. The record indicates that Brekus bears sole responsibility for any breakdown in communication. Coregis failed to discover the existence of the lawsuit, and before us nothing indicates it was at fault. It thus fulfilled its duty to inquire even if the February 2002 letter put it on inquiry notice as Caruso contends. Accordingly, no

3

reasonable jury could have concluded that Brekus provided Coregis with notice adequate to satisfy the terms of his policy.

Caruso does not challenge the District Court's conclusion that Coregis did not need to show prejudice or that, in the alternative, Coregis had shown sufficient prejudice. We therefore do not reach those aspects of the District Court's opinion, and thus affirm.